## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## SOUTHWEST DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| TOU HOUA THAO and | ) | Case No. 06-30019 |
| THOR MEE YANG, | ) | |
| | ) | |
| Debtors. | ) | |

### MEMORANDUM ORDER

Section 1224 of the Bankruptcy Code provides that the confirmation hearing in a chapter 12 bankruptcy shall be concluded no later than 45 days after the filing of the plan, "except for cause." In this case, the Debtors filed their plan on April 27, 2006, so under 11 U.S.C. § 1224 the confirmation hearing should have been held no later than June 11, 2006. But it was not. Instead, it is currently scheduled to be held on October 26, more than four months after the statutory deadline. The Debtors are largely responsible for this delay. And now the Debtors seek to continue the confirmation hearing again, until a date uncertain when an adversary proceeding they filed against their largest secured creditor, Freedom Bank ("Bank"), is resolved. The Bank objects to any further delay, arguing that no "cause" for continuance exists. The Court agrees.

### DISCUSSION

The case law, legislative history, and commentary pertaining to the deadlines for filing plans and confirmation thereof are not voluminous, but they are unanimous – the chapter 12 plan process, from proposal to confirmation, is to move forward as expeditiously as possible for the benefit of the court and the creditors. "When taken together, sections 1221 and 1224 indicate Congressional intent that chapter 12 cases are to proceed swiftly to confirmation or dismissal."[1]

Section 1221 requires a chapter 12 debtor to file a plan within 90 days.[2] Explaining the purpose behind the relatively short time period, Senator Grassley, one of the sponsors of the Bankruptcy Judges, United States Trustees and Family Farmer Bankruptcy Act of 1986 stated:

---

[1] 8 *Collier on Bankruptcy* ¶ 1224.01[3] (Lawrence P. King et al. eds., 15th ed. 2003).

[2] 11 U.S.C. § 1221 (West 2006).

> Importantly, the new subtitle [chapter 12] ensures that the bankruptcy system will not be abused. Earlier versions of the new chapter allowed a farmer-debtor 240 days to file a plan. During this time collateral could deteriorate without the promise of a confirmable reorganization plan. To address this problem, the exclusive period has been reduced to 90 days in the conference approved bill.
>
> If time limits are not met, the case will be dismissed and cannot be refiled. This will be a powerful incentive to get these cases moving, rather than languishing in the courts....[3]

Moving on to confirmation, § 1224, as noted above, requires that the confirmation hearing be held within 45 days after the plan is filed.  The House Conference Report's explanation of § 1224 further manifests Congress's intent that chapter 12 cases progress expeditiously.

> Section 1224 requires that Chapter 12 confirmation hearings be concluded within forty-five days after the filing of the plan.  The Conferees are aware that this imposes a burden on the bankruptcy courts.  Therefore, an exception for cause is provided.  While a backlog of cases is sufficient cause for an extension of the forty-five-day requirement, *the Conferees expect this exception to be used sparingly in order to facilitate the proper operation of Chapter 12 – which proper operation depends on prompt action.*[4]

Within this context it is clear that cause does not exists to continue the hearing on the Debtors' chapter 12 plan.

First of all, a continuance of the confirmation hearing is not warranted here because the Court has, in effect, already granted the Debtors a continuance of close to five months.  The Court appreciates that the Bank did not oppose every delay sought by the Debtors, and that one continuance was related to factors beyond the control of the Debtors, *i.e.*, the physical infirmity of a critical witness, but that does not change the fact that a generous continuance has, indeed, been granted, despite the "sparing" nature with which continuances are to be granted under § 1224.  Denial of the Debtors' motion is warranted on this basis alone.

---

[3] 123 Cong.Rec. S15075 (daily ed. Oct. 3, 1986) (statement of Sen. Grassley) (cited in *In re Bentson*, 74 B.R. 56, 57-8 (Bankr. D. Minn. 1987)).

[4] H.R. Conf. Rep. 99-958, 1986 U.S.C.C.A.N 5246 (emphasis added) (cited in In re Ryan, 69 B.R. 598, 599 (Bankr. M.D. Fla. 1987)).

Case 06-30019-jwv7    Doc 123    Filed 10/19/06    Entered 10/19/06 13:30:21    Desc Main
Document      Page 3 of 4

Second, the Debtors' argument that it is necessary or would be beneficial to delay the confirmation hearing until the adversary proceeding against the Bank is concluded is without merit. The Court has reviewed the Debtors' complaint in the adversary proceeding and does not believe that it raises issues which must be resolved in order for the confirmation hearing to go forward. Despite its voluminosity, and the suggestion in the complaint that the Bank's claim is at issue, the adversary proceeding is little more than an action for damages against the Bank.[5] And while those damages could be a source of funding for the plan[6] or potentially form the basis of a post-confirmation modification of the plan, they do not affect the validity or amount of the Bank's claim. The adversary proceeding does not seek the invalidation of the Bank's liens (nor could it in light of the "Stipulation for Adequate Protection and Relief from the Automatic Stay" in which the Debtors conceded to the validity of the Bank's liens), and the Debtor has not objected to the Bank's claim. Therefore, the only aspect of the Bank's claim that will be at issue at the confirmation hearing is the value of the secured portion of its claim. And that issue can be determined independently of the adversary proceeding.

Notwithstanding the Court's decision to deny the Debtors' motion to continue the confirmation hearing, the Court appreciates the Debtors' fear that the confirmation hearing might prejudice its ability to proceed with the adversary proceeding against the Bank. Therefore, if the Debtors' chapter 12 plan is confirmed, the Court will consider issuing an interim order of confirmation, to be finalized upon the conclusion of the adversary proceeding.

Therefore, for the reasons stated above, it is

---

[5] In their complaint, the Debtors also seek to invalidate the Debtors' assignment to the Bank of flock settlement checks, but that issue is largely moot in light of the Stipulation for Adequate Protection and Relief from the Automatic Stay wherein the Debtors agreed to the assignment and acknowledged the Bank's lien on their accounts receivable.

[6] If the Debtors were serious about funding or shaping their plan around their damage claims against the Bank, they should have moved forward more expeditiously in the adversary action. Their suggestion that the adversary proceeding has not progressed further because of the Bank's recalcitrance in producing documents is not well taken. A timely "golden rule" letter and, if necessary, motion to compel would have gone a long way in moving that litigation forward. The Court might have looked more favorably on the instant motion if the adversary proceeding had been filed promptly and was closer to trial.

3

ORDER that the Debtors' motion to continue the confirmation hearing is DENIED.

SO ORDERED this 19th day of October, 2006.

/s/ Jerry W. Venters
HONORABLE JERRY W. VENTERS
UNITED STATES BANKRUPTCY JUDGE

A copy of the foregoing was mailed
conventionally or electronically to:
Kevin Checkett
Mark M. Henry